IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CR-14-03-D |
| NATHAN RILEY, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court for consideration of Defendant's *pro se* Motion for "Post-Conviction Relief Seeking Court to Overturn Firearm Conviction" [Doc. No. 62]. Liberally construing the Motion, Defendant asks the Court to vacate his conviction and sentence for the offense of unlawful possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1), because he is legally innocent under recent decisions of the United States Court of Appeals for the Fourth Circuit. *See United States v. McCullum*, 469 F. App'x 194 (4th Cir. 2012) (applying *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc)).

The government has responded to the Motion by stating that it should be summarily dismissed. The government contends the Motion is one to vacate Defendant's conviction pursuant 28 U.S.C. § 2255 and it is both procedurally barred and barred by the waiver contained in his plea agreement with the government. In reply, Defendant denies that he intended to file a § 2255 motion. He contends the filing should be treated as a petition for a writ of habeas corpus, presumably pursuant to 28 U.S.C. § 2241.

Under these circumstances, the question presented is whether the Court should recharacterize Defendant's Motion as one brought under 28 U.S.C. § 2255, which may provide the exclusive

remedy for relief from his sentence. *See*, *e.g.*, *United States v. Torres*, 282 F.3d 1241, 1245-56 (10th Cir. 2002); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). If so, the Court must first inform Defendant of its intent to convert his filing to a § 2255 motion, warn him of the potential consequences, and give him an opportunity to withdraw it. *See Castro v. United States*, 540 U.S. 375, 377 (2003); *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). Upon consideration of this issue, the Court finds that the Motion should not be recharacterized.

Defendant entered a plea of guilty on March 5, 2014, to a violation of 18 U.S.C. § 922(g)(1) and was sentenced on June 14, 2014, to a 24-month term of imprisonment. No appeal was taken. The one-year limitations period for filing any motion for post-conviction relief under § 2255 has not expired. *See* 28 U.S.C. § 2255(f)(1). Defendant has expressly disclaimed any intention for his current motion to be treated as a § 2255 motion. *See* Def.'s Reply Br. [Doc. No. 66] ("The defendant never filed a 28 U.S.C. § 2255 [motion] in this matter."). Therefore, the Court will honor this request that his filing not be converted to a § 2255 motion.

The law is well established that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e). Defendant presents no reason why the remedy under § 2255 is inadequate or ineffective to test the legality of his conviction. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Defendant may face procedural hurdles to the relief he seeks, as argued by the government, but this fact is insufficient to render the § 2255 remedy inadequate or ineffective. *See United States v. Silva*, 423 F. App'x 809, 811 (10th Cir.

2

2011); *see also Prost v. Anderson*, 636 F.3d 578, 584-85 ("the savings clause of § 2255(e) is satisfied so long as the petitioner had an opportunity to bring and test his claim").

For these reasons, the Court declines to recharacterize Defendant's Motion as one seeking relief under § 2255 and, instead, denies the Motion for lack of jurisdiction to grant the relief sought.

IT IS THEREFORE ORDERED that Defendant's Motion for Post-Conviction Relief Seeking Court to Overturn Firearm Conviction [Doc. No. 62] is DENIED without prejudice to the submission of any appropriate motion.

IT IS FURTHER ORDERED that because the Clerk also viewed the Motion as one brought under § 2255 and opened a civil case for statistical purposes, the Clerk is directed to administratively close Case No. CIV-14-1111-D without the entry of a judgment.

IT IS SO ORDERED this __4TH__ day of February, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE